[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  17-11879-P

_____

THOMAS D. ARTHUR,

Plaintiff-Appellant,

versus

COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
ANNE ADAMS HILL,
General Counsel, Alabama Department of  Corrections, in her official capacity,
HOLMAN CF WARDEN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

Before  GERALD BARD TJOFLAT, Acting Chief Judge, HULL, MARCUS,
WILSON, MARTIN, JORDAN, ROSENBAUM, JULIE CARNES and JILL
PRYOR, Circuit Judges.*

BY THE COURT:

_____

* Chief Judge Ed Carnes and Judge William H. Pryor Jr., having recused themselves, did
not participate.

1

A member of this Court in active service having requested a poll on whether this case should be reheard by the Court sitting en banc, and a majority of the judges in active service on this Court having voted against granting a rehearing en banc, it is ORDERED that this case will not be reheard en banc.  The motion for a stay of execution is DENIED.

MARTIN, Circuit Judge, dissenting to the denial of rehearing en banc:

A judge of this court asked for en banc consideration of Thomas Arthur's access to the court claim. A majority of judges has now voted against en banc review. I would have preferred for the whole court to consider Mr. Arthur's claim, so I respectfully dissent.

The State of Alabama plans to execute Mr. Arthur tonight. Mr. Arthur has made the quite modest request of Alabama that his attorney, who will be with him when the State takes his life, be allowed to have a telephone with her at the time of Mr. Arthur's execution. This is so the lawyer would have a way to contact the courts if something goes wrong. There are reports from recent executions about problems resulting from the administration of lethal injection drugs. Still, Alabama has denied Mr. Arthur's request. I don't know whether Alabama's refusal to allow possession of a telephone rises to the level of a violation of Mr. Arthur's "constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977). Nevertheless, I vote with my colleagues who want to consider this issue en banc, so we can give it proper consideration.

Judges on the United States District Court and this Court have spent countless hours considering and debating Mr. Arthur's simple request. See Arthur v. Comm'r, Ala. Dep't of Corr., No. 17-11879, ___F. App'x ___ (11th Cir. May 24, 2017) (unpublished); Grayson v. Warden, No. 16-17167, ___F. App'x ___

3

(11th Cir. Dec. 7, 2016) (per curiam) (unpublished); <u>Arthur v. Dunn</u>, No. 2:16-cv-00866-WKW (M.D. Ala. Apr. 12, 2017); <u>Grayson v. Dunn</u>, No. 2:12-cv-00316-WKW, 2016 WL 6832630 (M.D. Ala. Nov. 18, 2016).  Other states allow attorney witnesses to use a phone during their client's execution,[1] and I can't think of any good reason for Alabama's policy prohibiting telephone access.  Neither, to my mind, has Alabama given any explanation for why its policy is necessary.[2]  Having gotten no discernable explanation from Alabama about why it needs to deny a lawyer a phone as she witnesses her client's death, I am hard pressed not to see the refusal as unreasonable and an unbecoming use of the State's power.  Of course we don't know what will happen during Mr. Arthur's execution tonight.  Yet we do know with full certainty that Alabama's telephone policy will completely foreclose Mr. Arthur's access to the courts if the worst should happen.  It may be that Alabama can, consistent with the Constitution, block Mr. Arthur's ability to seek judicial relief from a botched execution by cutting off all lines of communication.  But even if the Constitution allows Mr. Arthur's counsel to be held incommunicado, is it wise?

---

[1] <u>See</u> Ariz. Dep't of Corr., Department Order Manual, Order 710.13 (1.5.1.3) (Oct. 23, 2015) (allowing attorney execution witness to access a mobile phone "in exigent circumstances"); Ohio Dep't of Rehab. & Corr., No. 01-COM-11, § VI.G.2 (Oct. 7, 2016) (allowing attorney execution witness "free access" to a phone).  Arizona and Ohio allow telephones by regulation.  There has been no time to investigate since the panel issued its opinion last night, but I assume that other states allow telephones as a matter of routine, even where no regulation expressly permits it.

[2] In Alabama's District Court filings in Mr. Arthur's case, the State simply offers the conclusion that the regulation prohibiting telephones is "reasonably related to legitimate penological interests."  In the State's pleadings in this Court, it implies that counsel with a telephone could result in courts interfering with the execution.  I do not read either of these references to explain the necessity for separating counsel from a phone during an execution.

4

I also voted to hear this case en banc, because I am troubled by an idea floating through the filings of the State of Alabama, as well as this court's Majority opinion denying Mr. Arthur's claim. That idea is, if we allow counsel for an inmate to have a telephone, the courts may receive "contradictory claims" from the prison while the execution is going on. Maj. Op. at 32 n.13; see Appellee Br. 26–28; Arthur, No. 2:16-cv-00866-WKW, D.E. 18 at 13–14 (M.D. Ala. Nov. 23, 2016). But the very reason courts exist as one of the three branches of our government is to hear "contradictory claims" and decide the merits of those claims. I suppose it could make things easier for judges to say that hearing "contradictory claims" makes things too complicated, so we will simply make it impossible to receive the account from one party or the other. I reject this view, which elevates the impact on judges above whatever rights Mr. Arthur is accorded in the process of the State taking his life. It is safe to presume that the State of Alabama will have access to the phones in the prison where it will put Mr. Arthur to death tonight. Mr. Arthur only seeks the same. If there is a dispute about whether something untoward or maybe even unconstitutional is going on during his execution, it is the job of the courts to resolve that dispute.

For these reasons, I respectfully dissent from deciding the issues Mr. Arthur raises here in an unpublished opinion issued by a divided panel of this Court. I would hear this case en banc.

5